IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RON POLI, | ) | 2:05-2015-GEB-KJM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER* |
| | ) | |
| MOUNTAIN VALLEYS HEALTH | ) | |
| CENTERS, INC., RITE AID | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendant Thrifty Payless DBA Rite Aid Corporation ("Rite Aid"), moves to dismiss Plaintiff's causes of action for violation of public policy, negligence, and invasion of privacy under Federal Rule of Civil Procedure 12(b)(6). (Def.'s Mem. of P & A in Supp. of Mot. to Dismiss ("Def.'s Mem.") at 2.) Plaintiff opposes the motion.

BACKGROUND[1]

Plaintiff worked for Defendant Mountain Valleys Health Center ("Mountain Valleys") as a physician assistant and nurse

---

[*] This motion was determined suitable for decision without oral argument. L.R. 78-230(h).

[1] The background section discusses the allegations in Plaintiff's First Amended Complaint, which must be accepted as true for the purposes of a motion to dismiss. (See supra page 3.)

1

practitioner from 2002 until November 2005.  (First Am. Compl. ("FAC")
¶¶ 7, 19.)  While employed by Defendant Mountain Valleys, Plaintiff
and other physician assistants often received prescription
recommendations from doctors, transmitted the prescription to a
pharmacy, and had the prescription filled for personal use.  (Id.
¶ 9.)  On one occasion, Plaintiff told a doctor he was extremely
depressed and he had taken his girlfriend's Xanax, an anti-depressant
prescription drug, on several occasions.  (Id. ¶ 7.)  The doctor told
Plaintiff his use of the drug was appropriate and gave his approval
and recommendation.  (Id.)  Plaintiff called a pharmacy operated by
Defendant Rite Aid and told the pharmacist that the doctor recommended
his continued use of Xanax.  (Id. ¶ 8.)  The pharmacy provided
Plaintiff with twenty (20) Xanax pills.  (Id.)

On August 31, 2004, an officer of the Shasta County
Sheriff's Department stopped Plaintiff while he was driving a car.
(Id. ¶ 11.)  The officer discovered prescription drugs inside the car.
(Id.)  The Sheriff's Department conducted an investigation into the
origin of the prescription drugs, during which it contacted Defendant
Mountain Valleys and requested Plaintiff's medical records.  (Id. ¶
12.)  Defendant Mountain Valleys did not have any medical records on
Plaintiff.  (Id ¶ 8.)  Defendant Mountain Valleys subsequently called
Defendant Rite Aid and obtained Plaintiff's prescription records.
(Id. ¶ 14.)

On October 11, 2005, Plaintiff was placed on indefinite
administrative leave pending an investigation into his alleged
possession of a prescription drug without physician approval.  (Id.
¶ 15.)  On October 28, 2004, Plaintiff received a letter in which the
administrative leave was reaffirmed and Plaintiff was informed he

2

could resume work only if he received a satisfactory evaluation from a licensed mental health professional and/or diversion program.  (<u>Id.</u>) Plaintiff visited a mental health professional, but did not admit himself into a substance abuse program.  (<u>Id.</u> ¶ 17.)  On November 23, 2004, Plaintiff received a letter notifying him that the Board of Directors had voted to terminate his employment.  (<u>Id.</u> ¶ 19.)

Plaintiff has sued Defendant Rite Aid alleging that "[i]n wrongfully releasing Plaintiff's medical information, Defendant [Rite Aid] violated public policy by failing to comply with 42 U.S.C. 1320," the Health Insurance Portability and Accountability Act ("HIPAA"). (<u>Id.</u> ¶ 9.)  In addition, Plaintiff alleges California state law claims against Defendant Rite Aid for negligence and invasion of privacy. (<u>Id.</u> ¶¶ 51-60.)

DISCUSSION

When considering a motion to dismiss under Rule 12(b)(6), all material allegations in the complaint must be accepted as true and construed in the light most favorable to the plaintiff.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974); <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996).  In addition, the plaintiff is given the benefit of every reasonable inference that can be drawn from the allegations in his complaint.  <u>Retail Clerks Int'l Ass'n v. Shermahorn</u>, 373 U.S. 746, 753 n.6 (1963).  Accordingly, a motion to dismiss must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

Dismissal is appropriate under Rule 12(b)(6) if the plaintiff fails to state a claim upon which relief may be granted.  A

3

1  plaintiff fails to state claim by either (1) failing to present a
2  cognizable legal theory, or (2) failing to plead sufficient facts to
3  support a cognizable legal theory.  <u>Robertson v. Dean Witter Reynolds,</u>
4  <u>Inc.</u>, 749 F.2d 530, 533-34 (9th Cir. 1984).  "If a complaint is
5  dismissed for failure to state a claim, leave to amend should be
6  granted unless the court determines that allegation of other facts
7  consistent with the challenged pleading could not possibly cure the
8  deficiency."  <u>Schreiber Distrib. Co. v. Serv-Well Furniture Co.</u>, 806
9  F.2d 1393, 1401 (9th Cir. 1986).
10  <u>A.  Violation of Public Policy</u>

11       Defendant Rite Aid argues Plaintiff's claim for violation of
12  public policy seeks to "impermissibly enforce HIPAA" because "the
13  authority to enforce HIPAA resides exclusively with . . . the
14  Secretary of Health and Human Services."  (Def.'s Reply at 4.)
15  Plaintiff alleges he "has properly stated a cause of action against
16  Rite Aid for violating public policy by improperly disclosing
17  Plaintiff's personal medical information without his consent as
18  required by [HIPAA]."  (Pl.'s Opp'n 4.)

19       "HIPAA imposes requirements on the Department of Health and
20  Human Services, health plans, and healthcare providers involved in the
21  exchange of health information [in order] to protect the
22  confidentiality of such information . . . ."  <u>Johnson v. Quander</u>, 370
23  F. Supp. 2d 79, 99 (D.D.C. 2005).  In addition, HIPAA "provides for
24  both civil and criminal penalties for individuals who improperly
25  handle or disclose individually identifiable health information."  <u>Id.</u>
26  However, HIPAA "specifically indicates" that the Secretary of Health
27  and Human Services "shall pursue the action against an alleged
28  offender, not a private individual."  <u>Johnson</u>, 370 F. Supp. 2d at 100;

4

1  <u>Logan v. Dept. of Veterans Affairs</u>, 357 F. Supp. 2d 149, 155 (D.D.C.
2  2004).  Accordingly, "HIPAA does not expressly provide for a private
3  cause of action."  <u>O'Donnell v. Blue Cross Blue Shield of Wyoming</u>, 173
4  F. Supp. 2d 1176, 1178 (D. Wyo. 2001); <u>Logan</u>, 357 F. Supp. 2d at 155.

5       Furthermore, HIPAA does not impliedly provide for a private
6  cause of action.  <u>O'Donnell</u>, 173 F. Supp. 2d at 1179; <u>Logan</u>, 357 F.
7  Supp. 2d at 155; <u>Johnson</u>, 370 F. Supp. 2d at 100.  "In order to
8  determine whether a private cause of action is implicit in a statute
9  not expressly providing one, the critical inquiry is whether Congress
10 intended to create a private cause of action."  <u>O'Donnell</u>, 173 F.
11 Supp. 2d at 1179.  By delegating enforcement of HIPAA to Secretary of
12 Health and Human Services, Congress evinced an intent to preclude
13 enforcement by private individuals.  <u>See Alexander v. Sandoval</u>, 532
14 U.S. 275, 286-287 (2001) ("The express provision of one method of
15 enforcing [a statute] suggests Congress intended to preclude others.")
16 "Review of HIPAA's enforcement provisions reveals no congressional
17 intent to create a private right or remedy."  <u>O'Donnell</u>, 173 F. Supp.
18 2d at 1179.

19      Therefore, Plaintiff cannot maintain a claim for violation
20 of HIPAA because no express or implied private cause of action exists
21 under the statute.  Although Plaintiff seeks to circumvent this
22 limitation by alleging a claim for "violation of public policy"
23 premised on Defendant Rite Aid's failure to comply with HIPAA, to
24 recognize such a claim would be tantamount to creating a cause of
25 action where none exists.  <u>See Alexander</u>, 532 U.S. at 286-287
26 ("Raising up causes of action where a statute has not created them [is
27 not] a proper function . . . for federal tribunals.").  Therefore,
28 Defendant Rite Aid's motion to dismiss Plaintiff's cause of action for

1  "violation of public policy" with prejudice is granted because

2  Plaintiff has "fail[ed] to present a cognizable legal theory,"

3  Robertson, 749 F.2d at 533-34, and "the allegation of other facts

4  . . . could not possibly cure the deficiency," Schreiber, 806 F.2d at

5  1401.

6  B.  Negligence

7          Defendant Rite Aid also seeks dismissal of Plaintiff's

8  negligence claim, arguing it did not have a duty to withhold

9  Plaintiff's prescription records from Defendant Mountain Valleys.

10  (Def.'s Mem. 7.)  Plaintiff contends Defendant Rite Aid "improperly

11  seeks to argue the factual merits of the case" by "giving after the

12  fact excuses why it disclosed Plaintiff's private information."

13  (Pl.'s Opp'n at 3.)  Plaintiff asserts the motion to dismiss should be

14  denied because he has properly alleged the existence of a duty as well

15  as the other requisite elements of a negligence claim.  (Id. at 7.)

16          To state a negligence claim, Plaintiff must allege "four

17  elements: (1) duty, (2) breach, (3) causation, and (4) damages."

18  Ileto v. Glock Inc., 349 F.3d 1191, 1203 (9th Cir. 2003).  Plaintiff

19  alleges "Defendants had a duty not to disclose medical information

20  without adequate cause or a proper subpoena.  Defendants breached this

21  duty by disclosing Plaintiff's medical information to a third party

22  without adequate cause or a proper subpoena.  As a proximate result

23  . . . Plaintiff has become mentally traumatized, distressed and

24  aggravated."  (FAC ¶¶ 51-54.)  Therefore, Plaintiff has alleged each

25  of the four elements of negligence.  Although Defendant Rite Aid

26  contends it does not owe Plaintiff a duty, on a motion to dismiss, all

27  material allegations in the complaint must be accepted as true and

28  construed in the light most favorable to the plaintiff.  Scheuer, 416

U.S. at 236.  Consequently, Defendant Rite Aid's motion to dismiss Plaintiff's negligence claim is denied.

C.  Invasion of Privacy

Defendant Rite Aid argues Plaintiff's invasion of privacy claim should be dismissed because "Plaintiff did not have a reasonable expectation that his pharmacy records would remain private from Mountain Valleys . . . ." (Def.'s Mem. at 6.)  Plaintiff contends Defendant Rite Aid "improperly seeks to argue the factual merits of the case" by "giving after the fact excuses why it disclosed Plaintiff's private information." (Pl.'s Opp'n at 3.)  Plaintiff argues that the dismissal motion should be denied because he "has pled facts showing . . . [he] had a reasonable expectation of privacy in keeping confidential his personal medical information . . . ." (Id. at 8.)

To state an invasion of privacy claim, Plaintiff must allege (1) a legally protected privacy interest, 2) a reasonable expectation of privacy under the circumstances, and (3) conduct by Defendant Rite Aid amounting to a serious invasion of a protected privacy interest. Egan v. Schmock, 93 Fed. Supp. 2d 1090, 1094-95 (N.D. Cal 2000) (citing Hill v. National Collegiate Athletic Association, 7 Cal. 4th 1, 39-40 (1994)).  "A 'reasonable' expectation of privacy is an objective entitlement founded on broadly based and widely accepted community norms . . . . [and is] relative to the customs of the time and place, to the occupation of the plaintiff and to the habits of his neighbors and fellow citizens." Hill, 7 Cal. 4th at 37.  Plaintiff alleges Defendant Rite Aid released his prescription records to his employer, Defendant Mountain Valleys, without his consent, adequate cause or proper subpoena. (FAC ¶ 56.)  Giving Plaintiff "the benefit

1 | of every reasonable inference that can be drawn from. . . [his]
2 | allegations," a reasonable person could have an expectation of privacy
3 | under the circumstances alleged by Plaintiff.  Therefore, Defendant
4 | Rite Aid's motion to dismiss Plaintiff's invasion of privacy claim is
5 | denied because it does not appear "beyond a doubt" that Plaintiff can
6 | prove "no set of facts in support of his claim which would entitle him
7 | to relief."  Conley, 355 U.S. at 45-46.

8 | CONCLUSION

9 |       Plaintiff's claim against Defendant Rite Aid for violation
10 | of public policy is dismissed with prejudice.  Defendant Rite Aid's
11 | motion to dismiss is otherwise denied.

12 |       IT IS SO ORDERED.
13 | Dated:  January 11, 2006

14 |

15 |                          /s/ Garland E. Burrell, Jr.
                             GARLAND E. BURRELL, JR.
16 |                          United States District Judge